IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SA'MONE MARQUIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:25-cv-03787-JDW |
| | : | |
| PENNSYLVANIA LIQUOR CONTROL BOARD, | : | |
| | : | |
|     Defendant. | : | |

### MEMORANDUM

Sa'mone Marquis commenced this *pro se* civil action alleging claims of employment discrimination. She seeks to proceed *in forma pauperis* and has requested appointment of counsel. I will grant Ms. Marquis *in forma pauperis* status, dismiss the Complaint without prejudice, and deny the request for appointment of counsel. I will grant her leave to file an amended complaint if she can cure the deficiencies that I identify in this Memorandum.

### I.      FACTUAL ALLEGATIONS

Ms. Marquis worked for the Pennsylvania Liquor Control Board ("PLCB"). She filed a Complaint using the Court's preprinted form for use by unrepresented litigants to file employment discrimination claims. By checking boxes on the form, she indicates that she is bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112-12117, and the Pennsylvania Human Relations Act ("PHRA"). (Compl. at 1.) She also indicates that she is

claiming a wrongful termination in her employment, a failure to reasonably accommodate her disability, a failure to stop harassment, unequal terms and conditions of her employment, and retaliation, all based on her race, sex, and disability. She asserts that during her employment, she made "extensive efforts to raise [her] concerns internally, but they were ignored or dismissed."

Several days after she filed her Complaint, Ms. Marquis separately filed several exhibits, including a copy of a "right to sue" letter from the EEOC, a doctors note indicating she needed to work from home, and a termination letter from the PLCB indicating her probationary employment was terminated due to a physical altercation with a coworker.

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*,

12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. See Iqbal, 556 U.S. at 678. When a plaintiff is proceeding pro se, I construe her allegations liberally. See Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021).

### III.   DISCUSSION

#### A.   In Forma Pauperis

Ms. Marquis has filled out the required forms that demonstrate that she cannot afford to pay the required filing fees and costs. I will therefore grant her request to proceed without paying those costs.

#### B.   Plausibility Of Claims

Title VII "proscribe[s] discrimination in employment based on several personal characteristics" including race, color, religion, sex, or national origin. E.E.O.C. v. Allstate Ins. Co., 778 F.3d 444, 448-49 (3d Cir. 2015). Courts interpret claims under the PHRA coextensively. See Atkinson v. Lafayette Coll., 460 F.3d 447, 454 n.6 (3d Cir. 2006). The ADA prohibits covered entities from discriminating against qualified employees based on their disabilities. Eshleman v. Patrick Indus., Inc., 961 F.3d 242, 245 (3d Cir. 2020). Generally, a plaintiff in an employment discrimination action may establish a prima facie case either through direct evidence of discrimination or based on circumstantial evidence through the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). While "the elements of that prima facie case will vary with different factual situations, … at root, the plaintiff's initial burden is to show adverse actions taken by the employer from

which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under Title VII." *Peifer v. Bd. of Prob. & Parole*, 106 F.4th 270, 276 (3d Cir. 2024) (cleaned up). To plead a claim under Title VII, a plaintiff need not allege each element necessary to establish a *prima facie* case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)

Ms. Marquis has failed to allege plausible claims because, having only checked boxes on the form Complaint, along with only a brief statement that she experienced discrimination and attempted to raise her concerns, she has failed to provide any description of how she suffered discrimination. To state a claim for employment discrimination under the ADA, a plaintiff must allege that she has a disability within the meaning of the ADA, she was '"otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer[;]'" and she "'suffered an otherwise adverse employment decision as a result of discrimination.'" *Morgan v. Allison Crane & Rigging LLC*, No. 23-1747, 2024 WL 4033125, at *3 (3d Cir. Sept. 4, 2024) (quote omitted). A person is disabled within the meaning of the ADA if she: (1) has '"a physical or mental impairment that substantially limits one or more' of [her] 'major life activities'; (2) have 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Id*. (same). Ms. Marquis's doctor's note provides no information about these factors. She checked the box indicating she seeks to bring an

4

ADA claim but does not describe how she is disabled or the nature of any accommodation she sought from the PLCB.

Ms. Marquis also fails to state in narrative form any facts to support a plausible claim for race or sex-based discrimination to support her claims based on termination, retaliation, and hostile work environment. For a discriminatory termination claim to be plausible, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) that the plaintiff is a member of a protected class, (2) that the plaintiff was qualified for the position the plaintiff held or sought, (3) that the plaintiff suffered an adverse employment action, and (4) that the circumstances of the adverse employment action give rise to an inference of discrimination. *See Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 974 (3d Cir. 1998). A plaintiff seeking to state a claim for retaliation under Title VII must allege that: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action. *See Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022). To state a plausible hostile-work-environment claim under Title VII, a plaintiff must allege that: (1) she suffered intentional discrimination based on her being a part of a protected class, (2) the discrimination was severe or pervasive; (3) the discrimination had a detrimental influence on the plaintiff; (4) the discrimination would have had a detrimental influence on a reasonable person in similar circumstances; and (5) *respondeat-superior* liability

exists. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). Ms. Marquis's exhibits, including her "right to sue" letter and termination notice, provide no information about these factors, nor do they assert the elements of any other discrimination claim.

## IV.   CONCLUSION

I will grant Ms. Marquis leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). I will give Ms. Marquis an opportunity to file an Amended Complaint with more narrative information. Additionally, I will deny Ms. Marquis's request for appointment of counsel as premature. An appropriate order follows containing additional instructions as to amendment.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

August 19, 2025

6