IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SA'MONE MARQUIS, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:25-cv-03787-JDW |
| : | |
| PENNSYLVANIA LIQUOR CONTROL : | |
| BOARD, : | |
|     Defendant. : | |

## MEMORANDUM

Sa'Mone Marquis seeks in an Amended Compliant to assert employment discrimination claims against the Pennsylvania Liquor Control Board. I will permit her to proceed with retaliation claims under Title VII. I will dismiss the rest of her claims.

I. **FACTUAL ALLEGATIONS**

Ms. Marquis began employment with the PLCB in December 2024. While she worked there, managers made inappropriate comments about her appearance, questioned her demeanor, and imposed unequal workloads compared to male counterparts. She was assaulted by a customer on January 8, 2025, but management failed to remove the assailant and dismissed the seriousness of the incident. Ms. Marquis requested accommodations, including scheduling adjustments and safe cash-handling practices that management ignored or denied.

Ms. Marquis reported harassment and unsafe work conditions to her union, the district manager, and human resources office. She then suffered retaliation in the forms

of being assigned excessive tasks, public criticism, and escalating workplace hostility. She filed a complaint with the EEOC on January 28, 2025, and the "retaliation intensified, including verbal threats by district management and continued harassment by coworkers." (ECF No. 13. at ¶ 16.) She was assaulted by a coworker on March 4, 2025, and, despite video evidence and prior reports, management suspended her without pay while allowing the coworker to remain employed. She asserts that this reflects a "pattern of negligence in supervising staff and protecting [her] from a hostile and unsafe workplace." (*Id*. at ¶ 19.) Ms. Marquis received a termination notice on March 9, 2025.

Ms. Marquis filed this case on July 23, 2025. I screened the Complaint, granted her leave to proceed *in forma* pauperis, and dismissed the Complaint. In my Memorandum screening her Complaint, I set for the elements that she would have to plead to state a claim under either Title VII or the ADA. I gave her leave to file an Amended Complaint, which she did on September 3, 2025. In it, she asserts claims for disability discrimination under the ADA (Count I), retaliation under the ADA and Title VII (Count II), hostile work environment under the ADA and Title VII (Count III), and state law claims for wrongful termination (Count IV) and negligent supervision (Count V).

## II.   STANDARD OF REVIEW

Because I granted Ms. Marquis leave to proceed *in forma pauperis*, the Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). That screening requires me to determine whether the Amended Complaint states a claim on which relief

may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

**III.    DISCUSSION**

To state a claim for discrimination under the ADA, a plaintiff must allege that she has a disability with the meaning of the ADA. *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).[1] I identified this requirement in my Memorandum screening Ms. Marquis's original Complaint, but her Amended Complaint still does not allege that she suffers from a disability. Her claim for disability discrimination therefore is not plausible.

To a state a claim for hostile work discrimination under Title VII or the ADA, a plaintiff must allege she suffered intentional discrimination because of her membership in

---

[1] Ms. Marquis asserts claims under the PHRA. Courts interpret the PHRA coextensively with the various federal statutes with which it overlaps. *See Atkinson v. Lafayette Coll.*, 778 F.3d 444, 448-49 (3d Cir. 2015). Therefore, my discussion of Ms. Marquis's federal claims also applies to her claims under the PHRA.

3

a protected class, the discrimination was severe or pervasive, the discrimination detrimentally affected her and would have affected a reasonable person, and the existence of *respondeat superior* liability, meaning there is a basis to hold the employer responsible for its employees' conduct. *Moody v. Atlantic City Bd. Of Ed.*, 870 F.3d 206, 213 (3d Cir. 2017).[2] Ms. Marquis's Amended Complaint does not allege that she has a disability. It also does not allege that anyone's treatment of her had any connection to a disability or to her sex (which the protected class that she cites in paragraph 27 of her Amended Complaint). Her hostile workplace claim therefore fails.

The elements for a retaliation claim are the same under Title VII or the ADA. *See Krouse v. Am. Sterlilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). To state a claim, a plaintiff must allege the following elements: (1) she engaged in conduct that Title VII or the ADA protects; (2) the employer took adverse action against her; and (3) there is a causal link between her protected conduct and the employer's adverse action. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Though her Amended Complaint is sparse, Ms. Marquis does allege that she filed a complaint of discrimination with the EEOC and that the PLCB fired her as a result. Filing with the EEOC is protected conduct, her termination was an adverse action, and there seems to be an allegation connecting the two. I will therefore permit the retaliation claim to proceed.

---

[2] Although *Moody* addresses the elements for hostile work environment claims under Title VII, the elements are the same under the ADA. *See Aarnold v. Wormuth*, Case No. 5:23-cv-00231, 2025 WL 824133, at * 3 (E.D. Pa. Mar. 14, 2025).

Ms. Marquis cannot maintain her two state law claims for at least two reasons. *First*, she seeks money damages from the PLCB, which is an instrumentality of the Commonwealth of Pennsylvania. *See Brey v. Com., Liquor Control Bd.*, 381 A.2d 228, 229 (Pa. Commw. Ct. 1978). The Eleventh Amendment bars damages claims against states in federal court. In addition, the Commonwealth is entitled to sovereign immunity from such claims, and it has not waived that immunity.[3] *Second*, Pennsylvania's common law wrongful discharge cause of action that is available to an at-will employee does not extend to a contractual or union-represented employee. *See Phillips v. Babcock & Wilcox*, 503 A.2d 36, 36-38 (Pa. Super. Ct. 1986). "Ms. Marquis states in her Amended Complaint that she raised complaints with her union, which shows that she is union-represented, so the public policy claim is therefore unavailable to her.

## IV.  CONCLUSION

I will dismiss the claims contained in the Amended Complaint save for Ms. Marquis's Title VII and ADA retaliation claims. I will dismiss those claims with prejudice because I have given Ms. Marquis an opportunity to cure the failings in her complaint, but she still came up short, which demonstrates that she cannot state a viable claim. *See Jones*

---

[3] Ms. Marquis mentions federal law in her wrongful termination claim. But there is "no federal common law cause of action for wrongful termination. An employee must identify a constitutional or statutory right that provides protection from termination." *Akselrad v. City of Philadelphia*, No. 96-5192, 1998 WL 32604, at *6 (E.D. Pa. Jan. 27, 1998), *aff'd*, 187 F.3d 625 (3d Cir. 1999). Thus, any federal law claim is not plausible.

*v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2018). An appropriate Order follows.

          **BY THE COURT:**

          */s/ Joshua D. Wolson*
          **JOSHUA D. WOLSON, J.**

September 30, 2025